IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT A. PALADINO, ) | |
| ) | Civil Action No. 07 - 255 |
| Petitioner, ) | |
| ) | District Judge Arthur J. Schwab |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| THE ATTORNEY GENERAL OF THE ) | |
| STATE OF PENNSYLVANIA; THE ) | |
| DISTRICT ATTORNEY OF THE COUNTY ) | |
| OF BEAVER; THE COMMONWEALTH OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

**II.  REPORT**

Petitioner, Robert A. Paladino, was found guilty of one count each of Sexual Abuse of Children, Criminal Use of Communication Facility, and Obscene and other Sexual Material and was sentenced to a period of confinement of from one and one half (1 ½) to three (3) years followed by five (5) years probation. His convictions largely were based on evidence seized through search of his laptop computer and his residence. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 he raises claims regarding the denial of his pre-trial motion to suppress this evidence. For the reasons that follow, his Petition should be denied.

1

## A. Petitioner's Claim is not Cognizable in Federal Habeas Corpus

The claims Petitioner raises in the instant Petition attack the state court's denial of his omnibus pre-trial suppression motion wherein he sought the suppression of evidence seized from his laptop computer that was discovered by a computer technician when he was performing repairs to the computer. Specifically, to verify that the computer was properly functioning, the technician opened a folder labeled "My Music" and discovered graphic images portraying young children performing sexual acts. The technician contacted the Pennsylvania State Police who obtained a search warrant for the computer. The troopers seized the computer and discovered a deleted directory of pornographic images involving young children. They also determined that Petitioner had access to computers in addition to the laptop. The troopers then obtained a second search warrant to search Petitioner's home. Following his arrest, Plaintiff filed an Omnibus Pre-Trial Motion to exclude the evidence obtained from his computers. On July 27, 2004, a hearing was held on his motion in the Court of Common Pleas of Beaver County. On August 2, 2004, the Trial Court denied his suppression motion and he was found guilty of all charges.

In his present habeas petition, Plaintiff claims that the search of his laptop and residence violated his constitutional rights under the 4th and 14th Amendments. The Fourth Amendment, which assures the right of the people to be secure in their persons, houses, papers, and effects, protects against unreasonable searches and seizures. The Amendment was primarily a reaction to the evils associated with the use of the general warrant in England and the writs of assistance in the Colonies and was intended to protect the sanctity of a man's home and the privacies of life from searches under unchecked general authority. Stone v. Powell, 428 U.S. 465, 483 (1976). Evidence obtained by police officers in violation of the Fourth Amendment is excluded at trial in

the hope that the frequency of future violations will decrease. James v. Illinois, 493 U.S. 307 (1990).  The "exclusionary rule" was a judicially created means of effectuating the rights secured by the Fourth Amendment by prohibiting the use of illegally-obtained evidence in the government's direct case as substantive evidence of guilt.  United States v. Havens, 446 U.S. 620, 628 (1980).

The exclusionary rule, however, is not a basis for habeas relief if the state afforded the defendant a full and fair opportunity to litigate his fourth amendment claim. Stone v. Powell, 428 U.S. 465 (1976).

> A claim of illegal search and seizure under the Fourth Amendment is crucially different from many other constitutional rights; ordinarily the evidence seized can in no way have been rendered untrustworthy by the means of its seizure and indeed often this evidence alone establishes beyond virtually any shadow of a doubt that the defendant is guilty.  Application of the rule thus deflects the truthfinding process and often frees the guilty.  The disparity in particular cases between the error committed by the police officer and the windfall afforded a guilty defendant by application of the rule is contrary to the idea of proportionality that is essential to the concept of justice. Thus, although the rule is thought to deter unlawful police activity in part through the nurturing of respect for Fourth Amendment values, if applied indiscriminately it may well have the opposite effect of generating disrespect for the law and administration of justice.

Stone v. Powell, 428 U.S. at 491 (citations omitted).

The Stone v. Powell habeas preclusion applies to a state court error in deciding the Fourth Amendment claim, Singletary v. Frey, 793 F.2d 212 (8th Cir.), *cert. denied*, 479 U.S. 934 (1986), *reh'g denied*, 479 U.S. 1047, and to a state court's determination that violation of a habeas petitioner's Fourth Amendment rights constituted harmless error.  Gilmore v. Marks, 799 F.2d 51 (3d Cir. 1986) (rejecting argument that erroneous determination of habeas petitioner's Fourth Amendment claim overcomes Stone because that claim is really a due process violation), *cert. denied*, 479 U.S. 1041 (1987)).  Thus, a federal court may not reexamine:  1) a state court's

determination that no Fourth Amendment violation occurred; 2) a state court's determination that a Fourth Amendment violation did occur; or 3) a state court's determination that a Fourth Amendment violation occurred but introduction of its fruits was harmless.

In the Petitioner's case, a suppression hearing was held on August 27, 2004. After the hearing, the trial court determined that the evidence was not subject to suppression under the Fourth Amendment. The Superior Court affirmed this ruling on appeal. Under the principle set forth by the United States Supreme Court in Stone v. Powell, this federal court is precluded from reviewing the state court's determination regarding the admission of the seized evidence.

### B. Certificate of Appealability

28 U.S.C. § 2253(c) codifies the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition for failure to set forth a claim cognizable in federal habeas corpus proceedings is correct. Accordingly, a certificate of appealability should be denied.

### III.     CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
U. S. Magistrate Judge

Dated: October 12 , 2007

cc: The Honorable Arthur J. Schwab
United States District Judge

ROBERT A. PALADINO, #120715
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219